IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DAVID BRIGGS ENTERPRISES, INC.,** | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | § CIVIL ACTION NO. 4:21-CV-00276 |
| | § |
| **MANAKAMANA MAI, LLC D/B/A** | § |
| **FAT TUESDAY SPORTS BAR,** | § |
| | § |
| Defendant. | § |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiff David Briggs Enterprises, Inc. ("Plaintiff" or "DBE"), by and through its undersigned attorneys, files this Complaint against defendant Manakamana Mai, LLC d/b/a Fat Tuesday Sports Bar ("Defendant"), and hereby alleges as follows:

### I. NATURE OF THE ACTION

1. DBE owns Fat Tuesday, a multinational beverage and foodservice retailer that owns, operates, and franchises its famous Fat Tuesday retail units and is known for its frozen specialty drinks.

2. DBE is the owner of federal and state trademarks for the mark FAT TUESDAY (and Design) used in connection with bar and restaurant services, prepared alcoholic and non-alcoholic daiquiri cocktails, drink mixes, and related goods and services (collectively, "the FAT TUESDAY Trademarks").

3. Defendant's use of the mark FAT TUESDAY SPORTS BAR in connection with its bar and restaurant services infringes DBE's FAT TUESDAY Trademarks.

4. Through this action, DBE combats this infringement.

## II. PARTIES

5. DBE is a corporation organized and existing under the laws of the State of Texas, and having its principal place of business at 1115 N. Causeway Blvd., Suite 200, Mandeville, Louisiana 70471.

6. Defendant Manakamana Mai LLC is a limited liability company organized and existing under the laws of the State of Texas and having its principal place of business at 9211 West Road, Houston, Texas 77064. Defendant Manakamana Mai LLC owns and operates the Fat Tuesday Sports Bar restaurant at that location.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, and 1338(a) because the claims herein arise out of federal trademark laws as codified in 15 U.S.C. §1114 and 15 U.S.C. §1125(a).

8. This Court has general personal jurisdiction over Defendant due to its residence and business activities in this judicial district. This Court has specific personal jurisdiction over Defendant due to the nature and quality of its actions toward the state in which this Court is located. The claims asserted herein arise out of and relate to such actions and this Court's exercise of specific personal jurisdiction over Defendant comports with traditional notions of fair play and substantial justice.

9. Venue in this judicial district is proper for these claims pursuant to 28 U.S.C. §1391(b). As described herein, Defendant resides in this judicial district, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and Defendant has extensive contacts with this judicial district relating to DBE's claims. Defendant conducts regular and systematic business transactions in this judicial district, including direct sales to consumers in this judicial district, which violate the intellectual property rights of DBE.

## IV. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### 1. FAT TUESDAY Trademarks

10. In 1984, DBE launched the "Fat Tuesday" bar and restaurant concept with the opening of its first retail unit in Atlanta, Georgia.

11. The concept has since grown into an international phenomenon with over 20 retail units throughout the United States, Mexico, Puerto Rico, and Honduras.

12. DBE's Fat Tuesday retail units have become famous for their frozen specialty drinks and drive-through daiquiri offerings.

13. In October 2020, DBE opened its newest Fat Tuesday retail unit at 22944 Kuykendahl Road, Suite B, Spring, Texas 77389.

14. DBE is the exclusive owner of federally-registered, registration-pending, and unregistered trademarks (*i.e.* common law trademarks). For example, DBE owns the following United States Trademark Registrations:

| Depiction of Trademark | Registration No. and Date | (1) First Use (2) In Commerce |
|---|---|---|
| FAT TUESDAY | 1,897,828 June 6, 1995 | (1) September 1984 (2) September 1984 |
| FAT TUESDAY | 1,895,162 May 23, 1995 | (1) September 1984 (2) September 1984 |
| FAT TUESDAY | 6,016,736 March 24, 2020 | (1) September 1984 (2) September 1984 |
| FAT TUESDAY | 1,998,982 September 10, 1996 | (1) April 26, 1994 (2) April 26, 1994 |
| FAT TUES DAY (logo) | 4,615,493 October 7, 2014 | (1) January 1, 1999 (2) January 1, 1999 |

15. True and correct copies of the Registration Certificates for the above-listed trademarks are attached hereto as **Exhibit A**. Hereinafter, DBE may sometimes utilize the

3

phrase "the FAT TUESDAY Trademarks" to refer to, collectively, DBE's federally-registered, applied-for, and unregistered trademarks (*i.e.* common law trademarks).

16. DBE's FAT TUESDAY Trademarks registered at Trademark Reg. Nos. 1,897,828, 1,895,162, 1,998,982, and 4,615,493 have achieved incontestable status.

17. The FAT TUESDAY Trademarks appear clearly at DBE's Fat Tuesday restaurants, and as well as the packaging and marketing materials related to DBE's Fat Tuesday restaurants daiquiri cocktails, and drink mixes.

18. The FAT TUESDAY Trademarks, as well as the goodwill arising from such trademarks, have never been abandoned.

19. DBE continues to preserve and maintain its rights with respect to the FAT TUESDAY Trademarks, including those registered with the United States Patent and Trademark Office.

20. Due in large part to the substantial commercial success of the Fat Tuesday retail concept, the FAT TUESDAY brand is well-known to the public and consumers and has garnered extensive coverage by the media.

21. Through the extensive use of the FAT TUESDAY Trademarks, DBE has spent substantial time, money, and effort in developing consumer recognition and awareness of its brand. DBE markets FAT TUESDAY goods and services nationwide to consumers, including through its website, and sells its products through its nationwide distribution network and in its FAT TUESDAY restaurants. DBE also markets and sells its goods and services internationally. DBE has built up and developed significant customer goodwill in its goods and services and its FAT TUESDAY restaurants are immediately identified by the FAT TUESDAY Trademarks.

**2. Defendant's Infringing Conduct**

22. Beginning on a date that is currently unknown to DBE, Defendant, without the consent of DBE, has used the mark FAT TUESDAY SPORTS BAR in connection with its bar and restaurant services. A true and correct copy of Defendant's Facebook page displaying the FAT TUESDAY SPORTS BAR mark is attached hereto as **Exhibit B**.

23. DBE has not authorized Defendant, to sell bar and restaurant services or other types of goods and services in connection with the FAT TUESDAY Trademarks.

24. Defendant's use of the FAT TUESDAY SPORTS BAR mark is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the goods and services are authorized by DBE and creates a likelihood of confusion as to source, affiliation, or sponsorship of Defendants' goods and services.

25. Even more brazen, Defendant's Facebook page displaying the FAT TUESDAY SPORTS BAR mark also features contact information, including the website URL www.fat-tuesday.com, **which redirects to DBE's website** located at https://fattuesday.com/, further supporting that Defendant's' willful infringement of DBE's trademark rights. *See* **Exhibit B.**

### 3. Cease-and-Desist Correspondence to Defendant

26. On December 10, 2018, DBE's counsel mailed a cease-and-desist correspondence to Defendant. A true and correct copy of this correspondence is attached hereto as **Exhibit C**. This cease-and-desist correspondence provided specific notice of the following, among other items: (i) DBE's ownership of the FAT TUESDAY Trademarks; (ii) DBE's confirmation that Defendant's restaurant infringes DBE's FAT TUESDAY Trademarks; (iii) DBE's demand that Defendant cease the use of DBE's FAT TUESDAY Trademarks in connection with Defendant's bar and restaurant services, prepared cocktails, and related goods and services; (iv) the statutory prohibition of the unauthorized use of DBE's intellectual property, and DBE's right to seek monetary judgments against infringers; and (v) Defendant's willful infringement under federal law would be established by any further unauthorized use of DBE's intellectual property.

27. The December 10, 2018 cease-and-desist correspondence requested that Defendant contact DBE's counsel to discuss pre-litigation resolution of the legal issues arising from the unauthorized use of DBE's intellectual property. Defendant contacted DBE's counsel, but such communication did not result in resolution of DBE's claims. For a period of two years, Defendant requested additional time to transition away from the use of the FAT TUESDAY mark and continually delayed this transition.

### 4. Continued Infringement

28. On or about January 12, 2021, a representative of DBE made an in-person visit to Defendant's Fat Tuesday Sports Bar. True and correct images of the signage displayed on Defendant's restaurant exterior are attached hereto as **Exhibit D**. Notably, Defendant has large, conspicuous signage displaying the FAT TUESDAY SPORTS BAR mark.

29. Defendant is not authorized, and never has been authorized by DBE, to market, offer for sale, and/or sell goods and services in connection with the FAT TUESDAY Trademarks, or any variations thereof. DBE has no control over the nature, quality, or pricing of Defendant's goods or services or marketing, or any other aspect of the business conduct of Defendant.

30. Defendant uses words, symbols, images, designs, and names confusingly similar or identical to the FAT TUESDAY Trademarks to confuse consumers and aid in the promotion and sales of Defendant's Fat Tuesday Sports Bar bar and restaurant services.

31. Defendant's use of the FAT TUESDAY SPORTS BAR mark, as outlined above, is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the goods and services are authorized by DBE and creates a likelihood of confusion as to source, affiliation, or sponsorship of Defendants' goods and services.

32. The likelihood of confusion, mistake, and deception brought about by Defendant's misappropriation of the FAT TUESDAY Trademarks is causing irreparable harm to the goodwill symbolized by the FAT TUESDAY Trademarks and the reputation for quality that said marks embody, for which there is no adequate legal remedy.

33. Defendant's unauthorized use of the FAT TUESDAY Trademarks began after DBE legally established the existence and significant value of such trademarks, including after DBE's adoption and use of the FAT TUESDAY Trademarks and after DBE obtained several of the trademark registrations described above.

## V. CAUSES OF ACTION

### COUNT 1

### Trademark Infringement (15 U.S.C. §1114)

34. DBE re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 33 as though set forth fully herein.

35. Defendant has infringed DBE's federally registered FAT TUESDAY Trademarks in interstate commerce by various acts, including, without limitation, marketing, offering for sale, and/or selling bar and restaurant services under the FAT TUESDAY SPORTS BAR mark, which is confusingly similar to DBE's federally registered FAT TUESDAY Trademarks.

36. Defendant's use of the FAT TUESDAY SPORTS BAR mark for its bar and restaurant services is without DBE's permission or authority and is likely to cause confusion, to cause mistake and/or to deceive the purchasing public and also constitutes initial interest confusion.

37. Defendant's use of the FAT TUESDAY SPORTS BAR mark has been made notwithstanding DBE's well-known and prior established rights in the FAT TUESDAY Trademarks and with constructive and actual notice of DBE's federal registration rights under 15 U.S.C. § 1072.

38. Defendant's conduct constitutes infringement of the federally registered FAT TUESDAY Trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

39. DBE has been damaged as a result of Defendant's infringement of the FAT TUESDAY Trademarks. DBE alleges, on information and belief, that Defendant's sale and distribution of bar and restaurant services and related goods and services under the FAT TUESDAY SPORTS BAR mark have resulted in lost sales to DBE, have reduced the business and profits of DBE, and have injured the general reputation of DBE, all to DBE's damage in an amount not yet ascertainable, but that will be determined during this action.

40. DBE alleges, on information and belief, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but that will be determined during this action.

41. On information and belief, Defendant acted intentionally and/or willfully in infringing upon the FAT TUESDAY Trademarks, knowing that the FAT TUESDAY Trademarks belonged to DBE, that its uses of the FAT TUESDAY SPORTS BAR mark were in fact infringing, and that Defendant was not authorized to infringe upon the FAT TUESDAY Trademarks.

42. Defendant's infringing activities have caused, and will continue to cause, DBE irreparable harm and other damage to DBE's business, reputation and goodwill in its federally registered FAT TUESDAY Trademarks, unless they are enjoined by this Court.

## COUNT 2

### Trademark Infringement (15 U.S.C. §1125(a))

43. DBE re-alleges and incorporates by this reference each and every allegation in paragraphs 1 through 42 as though set forth fully herein.

44. Defendant has infringed DBE's common law FAT TUESDAY Trademarks in interstate commerce by various acts, including, without limitation, marketing, offering for sale, and/or selling bar and restaurant services under the FAT TUESDAY SPORTS BAR mark, which is confusingly similar to DBE's common law FAT TUESDAY Trademarks.

45. Defendant's use of the FAT TUESDAY SPORTS BAR mark for its bar and restaurant services is without DBE's permission or authority and is likely to cause confusion, to cause mistake and/or to deceive the purchasing public and also constitutes initial interest confusion.

46. Defendant's use of the FAT TUESDAY SPORTS BAR mark has been made notwithstanding DBE's well-known and prior established rights in the FAT TUESDAY Trademarks and with actual notice of DBE's common law trademark rights.

47. Defendant's conduct constitutes infringement of the common law FAT TUESDAY Trademarks in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125.

48. DBE has been damaged as a result of Defendant's infringement of the FAT TUESDAY Trademarks. DBE alleges, on information and belief, that Defendant's sale and distribution of bar and restaurant services and related goods and services under the FAT TUESDAY SPORTS BAR mark have resulted in lost sales to DBE, have reduced the business and profits of DBE, and have injured the general reputation of DBE, all to DBE's damage in an amount not yet ascertainable, but that will be determined during this action.

49. DBE alleges, on information and belief, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but that will be determined during this action.

50. On information and belief, Defendant acted intentionally and/or willfully in infringing upon the FAT TUESDAY Trademarks, knowing that the FAT TUESDAY Trademarks belonged to DBE, that its uses of the FAT TUESDAY SPORTS BAR mark were in fact infringing, and that Defendant was not authorized to infringe upon the FAT TUESDAY Trademarks.

51. Defendant's infringing activities have caused, and will continue to cause, DBE irreparable harm and other damage to DBE's business, reputation and goodwill in its common law FAT TUESDAY Trademarks, unless they are enjoined by this Court.

## VI. **REQUEST FOR RELIEF**

WHEREFORE, DBE hereby respectfully requests the following relief against Defendant Manakamana Mai, LLC as follows:

1. An award of Defendant's profits and DBE's damages for trademark infringement under 15 U.S.C. §§ 1114 and 1117, trebled, in an amount to be proven at trial;

2. An award of Defendant's profits and DBE's damages for false designation of origin under 15 U.S.C. §1125(a), trebled, in an amount to be proven at trial;

3. An award of Defendant's profits and DBE's damages for unfair competition under 15 U.S.C. §1125(a), trebled, in an amount to be proven at trial;

4. An injunction by this Court prohibiting Defendant, and its respective agents, servants, employees, and representatives and all persons in active concert and participation with them, during the pendency of this action and permanently thereafter, from: (1) engaging or continuing to engage in the infringing, unlawful, unfair, or fraudulent business acts or practices described herein; (2) using without permission any mark or other intellectual property right of DBE; (3) acting to infringe the FAT TUESDAY Trademarks; (4) acting in any other manner to derogate DBE's intellectual property rights; and (5) requiring Defendant to file with this Court and to serve upon DBE, within thirty (30) days after the service on Defendant of the injunction, or such extended period as this Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5. An Order requiring that Defendant provide complete accountings and for equitable relief, including that Defendant disgorge and return or pay DBE its ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution;

6. An Order that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to DBE;

7. Pursuant to 15 U.S.C. §1118, an Order requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up to DBE for destruction all products, accessories, labels, signs, prints, packages, wrappers, marketing materials, and other material in their possession, custody, or control bearing any of the FAT TUESDAY Trademarks or any confusingly similar variation thereof;

8. Treble damages;

9. DBE's reasonable attorneys' fees;

10. All costs of suit;

11. Prejudgment interest; and

12. Such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ**
A Professional Corporation

By: */s/ Bradley E. Chambers*

**Bradley E. Chambers**
SBN: 24001860
Fed. ID No. 22008
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 – Telephone
(713) 650-9701 – Facsimile
bchambers@bakerdonelson.com

**Benjamin W. Janke**
(LA Bar #31796)
Of Counsel pending *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: 504-566-5200
Facsimile: 504-636-4000
bjanke@bakerdonelson.com

- and –

**Nicole D. Berkowitz**
(TN Bar #35046)
Of Counsel pending *Pro Hac Vice*
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: 901-526-2000
Facsimile: 901-577-0838
nberkowitz@bakerdonelson.com

**ATTORNEYS FOR DAVID BRIGGS ENTERPRISES, INC.**